IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ROBERT ARNOLD SHARPE, JR.,[1]

    Plaintiff,

VS.

CLAYTON TOMLINSON, *et al.*,

    Defendants.

NO. 7:10-CV-93 (HL)

**ORDER & RECOMMENDATION**

Plaintiff **ROBERT ARNOLD SHARPE, JR**., a pretrial detainee at the Berrien County Jail in Nashville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of the Berrien County Jail.

---

[1] In the caption of his complaint, plaintiff has included his wife, Tammy MeChelle Sharpe, and Tracey Woods, as additional plaintiffs. The statement of claim describes incidents that relate only to Robert Arnold Sharpe, Jr. Therefore, the Court will consider this complaint as filed solely by Robert Arnold Sharpe, Jr.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff, who is currently charged with child molestation[2], states that he "intend (sic) on proving that [DFACS] violated several of [his] constitutional rights concerning termination of [his] parental rights towards [his] children named Kaylee Marie Sharpe and Kaia Laicole McNeely." Plaintiff states that he never received notice that the children had been removed from their mother's home in Georgia in June 2009. Plaintiff alleges that he was in jail in Texas at the time of their removal and at the time of the first hearing regarding termination of parental rights. Plaintiff states that he did not receive notice of any hearing.

---

[2]***See Sharpe v. Berrien County District Attorney***, 7:10-CV-55 (HL), filed in this Court on June 30, 2010 .

Plaintiff maintains that when he was released from jail in Texas, he and Michelle McNeely (the children's mother) spoke with Stephen Butler, an employee with the Department of Family and Children Services (hereinafter "DFACS"). According to plaintiff, Mr. Butler told Ms. McNeely to find employment and move into her own residence and she would regain custody of the children.

Thereafter, plaintiff apparently left Georgia again and moved to California. He states that he was later served with a notice of termination of his parental rights by "Special Assistant Attorney General Warren L. Mixon." The notice showed plaintiff did not attend the termination hearing because the State did not know his whereabouts in order to give him prior notice. Plaintiff states that the State should have been able to locate him because he was, at the time of the second hearing, in jail in California.

Plaintiff alleges there are "obvious discrepancies" in the documents surrounding the termination of parental rights and this "suggest[s] fraud" and an "attempt to deceive."

Plaintiff does not seek to gain custody of the children or have any pre-existing parental rights restored. Instead, he seeks $10,000,000 in damages.

The Court must first address whether it has jurisdiction over this matter. "The ***Rooker-Feldman*** doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." ***Goodman v. Sipos***, 259 F.3d 1327, 1332 (11th Cir. 2001)(***citing Rooker v. Fidelity Trust Co.***, 263 U.S. 413 (1923) and ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. (1983)). The Eleventh Circuit Court of Appeals has explained as follows:

> The ***Rooker-Feldman*** doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

***Goodman,*** 259 F.3d at 1332 (quoting ***Siegel v. LePore***, 234 F.3d 1163, 1172 (11th Cir. 2000)). ***See also Exxon Mobile Corp. v. Saudi Basic Indus. Corp***., 544 U.S. 280, 284 (2005)(holding that ***Rooker-Feldman*** "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

In this case, there appears to be a final judgment from a state court that terminated plaintiff's parental rights. Because plaintiff did not present his due process claims in the state court, the question becomes whether his claims are inextricably linked with the state court judgment. ***Id***. Claims are inextricably linked if "'the federal claims succeed only to the extent that the state court wrongly decided the issue before it.'" ***Goodman,*** 259 F.3d at 1332 (quoting ***Siegel***, 234 F.3d at 1172).

The fact that plaintiff is only seeking damages, as opposed to reinstatement of custody or parental rights, does not answer the question of whether his claims are inextricably intertwined with the state court judgment ***Id***. at 1333. The Eleventh Circuit has explained that the "focus is only the federal claim's relationship to the issues involved in the state court proceeding, instead of on the type of relief sought by plaintiff." ***Id***. Claims, such as those made by plaintiff, that "affidavit[s] [are] false and that the state court's *ex parte* proceedings violated the plaintiff's due process rights . . . strike at the heart of the state court's proceedings and judgment" and are, therefore, inextricably

intertwined with the state court judgment. *Id*.

Were the analysis to end here, the Court would determine that it did not have subject matter jurisdiction pursuant to ***Rooker-Feldman*** and would dismiss this case. However, claims are barred from federal court review under ***Rooker-Feldman*** only if "the plaintiff had a reasonable opportunity to raise the issue" during the state juvenile court proceedings. ***Wood v. Orange County***, 715 F.2d 1543, 1547 (11th Cir. 1983). "[A]n issue that a plaintiff had no reasonable opportunity to raise cannot properly be regarded as part of the state case." *Id*. At this stage in the litigation, the Court must construe plaintiff's complaint liberally and must accept as true his assertions. Plaintiff asserts that defendants Butler and Mixon did not take reasonable steps to learn his whereabouts and provide him with notice of the legal proceedings before his parental rights were terminated. Therefore, the Court must, at this stage, assume that plaintiff did not have a reasonable opportunity to raise his claims during the state court juvenile proceedings. For this reason, the Court determines that it cannot say, at this point in time, that the ***Rooker-Feldman*** doctrine precludes federal review.[3]

Now that the Court has addressed subject matter jurisdiction, it must still determine which defendants, if any, should be dismissed pursuant to the frivolity review called for by 28 U.S.C. § 1915A(a). Plaintiff has named six defendants in his complaint: (1) Stephen B. Butler, employed by DFACS; (2) Matt Bennett, attorney for Michelle Lee McNeely; (3) Elaine Douglas with DFACS;

---

[3]"A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." ***Goodman***, 259 F.3d at 1332. Defendants are certainly free to raise the issue of subject matter jurisdiction at a later time should it be appropriate. Today, the Court finds only that it must allow the complaint to proceed forward because it cannot say that the Court lacks jurisdiction at this time, having only the initial complaint to review and analyze.

(4) Billie Jean Melton with DFACS; (5) Warren Mixon, "Special Assistant Attorney General" for the State of Georgia, and (6) Clayton Tomlinson, address unknown. However, he makes allegations against only two: Stephen B. Butler and Warren Mixon. It is unclear why plaintiff named the other four defendants–Matt Bennett, Elaine Douglas, Billy Jean Melton, and Clayton Tomlinson–as defendants in this action. The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. ***Douglas v. Yates***, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing ***Pamel Corp. v. P.R. Highway Auth***., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

It is therefore **RECOMMENDED** that defendants Matt Bennett, Elaine Douglas, Billy Jean Melton, and Clayton Tomlinson be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

At this time, the Court cannot find that the claims against Stephen Butler and Warren Mixon

are frivolous. Therefore, this action shall go forward against these two defendants.

It is hereby **ORDERED** that service be made against defendants Stephen B. Butler and Warren L. Mixon, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence

with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee

is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a U.S. magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of

the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 4th day of October, 2010.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb