IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROBERT ARNOLD SHARPE, JR., : <br> : <br> Plaintiff, : <br> : <br> VS. : <br> : **7: 10-CV-93 (HL)** <br> WARREN L. MIXON, et al, : <br> : <br> Defendant. : | |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is Defendant Butler's Motion to Dismiss. (Doc. 13). Defendant Butler filed this Motion to Dismiss claiming, among other things, that Plaintiff's Complaint should be dismissed for abuse of the judicial process. The Court notified Plaintiff of the filing of Defendant Butler's Motion to Dismiss, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's order. (Doc. 16). Plaintiff filed his Response on December 15, 2010 (Doc 17), and Defendant Butler filed a Reply to Plaintiff's Response on December 17, 2010. (Doc. 19).

## Background

On September 1, 2010, Plaintiff filed this action alleging that "several of [his] constitutional rights concerning the termination of [his] parental rights" as to his two children were violated. (Doc. 1). Plaintiff, who has been charged with child molestation[1], contends that he was not provided notice that his children were removed from their mother's Georgia home in June of 2009, which violated his constitutional rights. Plaintiff states that he was incarcerated in Texas at the time of the removal of his children and at the time of the first hearing regarding the

---

[1]*See Sharpe v. Berrien County District Attorney*, 7:10-CV-55 (HL), filed in this Court on June 30, 2010.

termination of his parental rights. After being released from jail in Texas, Plaintiff alleges that he and Michelle McNeely, the children's mother, met with Defendant Butler, an employee of the Department of Family and Children Services (hereinafter "DFACS"), in Georgia. According to Plaintiff, Defendant Butler told McNeely that she could regain custody of the children if she found employment and moved into her own home.

Thereafter, Plaintiff and McNeely left Georgia and moved to California, and Plaintiff was again incarcerated. After being extradited to Georgia from California, Plaintiff contends that on May 3, 2010 he was served with notice by Defendant Mixon, a Special Assistant Attorney General, that his parental rights had been terminated. The notice allegedly showed Plaintiff did not attend the termination hearing because the State did not know his whereabouts in order to give him prior notice. Plaintiff states that the State should have been able to locate him at the time of this second hearing because he was incarcerated in California.

Plaintiff alleges that there are "obvious discrepancies" in the documents surrounding the termination of his parental rights, which "suggest[s] fraud" and an "attempt to deceive." He seeks $10,000,000.00 in damages.

**Legal Standard**

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

2

defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

## Discussion

Defendant Butler directs the Court's attention to Plaintiff's Complaint, and points out that Plaintiff responded "No" to the following question:

> **4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in <u>any</u> federal or state court dealing with the <u>SAME FACTS</u> involved in this lawsuit or otherwise related to your imprisonment?**

(Doc. 1, p. 2)(emphasis in original). Defendant Butler asserts that Plaintiff had, in fact, at the time he filed this lawsuit, already filed at least three (3) previous suits related to his imprisonment and not related to an appeal of his conviction or sentence. (Doc. 13-1). Thus, Defendant Butler maintains that Plaintiff failed to disclose prior litigation when he filed this lawsuit and submitted false testimony in answering "No" to the complaint form question, thereby abusing the judicial process. As such, Defendant seeks the dismissal of this lawsuit without prejudice based on Plaintiff's abuse of the judicial process herein. (Doc. 13).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – is frivolous or malicious." In *Rivera v.*

*Allin*,144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007), the Eleventh Circuit found that a case dismissed for abuse of the judicial process, "is precisely the type of strike [based on frivolousness or maliciousness] that Congress envisioned when drafting section 1915(g)." The Court's discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) has been exerted and upheld on multiple occasions. *See e.g. Shelton v. Rohrs*, 2010 WL 5122580 (11th Cir.) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed.Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986) (noting that the court had discretion to dismiss a suit without prejudice under 28 U.S.C. § 1915 based on a false allegation of poverty); *Pickett v. Yu*, 2006 WL 3694645 (N.D.Fla.) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of process based on plaintiff's failure to disclose prior litigation).

The Court notes that by virtue of the Order providing notice of Defendant's Motion to Dismiss, Plaintiff has been provided with notice and a reasonable opportunity to respond to Defendant's contentions. *See Hood v. Tompkins*, 197 Fed.Appx. 818, 819 (11th Cir. 2006) (plaintiff's opportunity to file objections to Magistrate Judge's report satisfied the notice requirement). Plaintiff has, in fact, responded to the charge that his Complaint should be dismissed for failing to disclose prior lawsuits. (Doc. 17).

In *Rivera*, the Eleventh Circuit specifically upheld a dismissal based on abuse of process, where the inmate plaintiff had failed to fully disclose all prior litigation on his civil complaint form. *Rivera,* 144 F.3d at 731. Additionally, in *Hood*, 197 Fed.Appx. at 819, the Court upheld a sanction of dismissal based on a prisoner plaintiff's failure to disclose prior lawsuits, finding the

4

relevant complaint form question unambiguous in requiring the disclosure of other lawsuits filed in federal court.

Moreover, in *Redmon v. Lake County Sheriff's Office, et al.*, 2011 WL 476601 (11th Cir.), a case recently decided by the Eleventh Circuit, the Court provided additional directives regarding cases involving abuse of judicial process. In *Redmon*, the lower court had determined that the plaintiff's false response to a complaint form question was an abuse of judicial process and that dismissal of his suit without prejudice was a proper sanction therefore. *Id.* The Eleventh Circuit found that "a district court may impose sanctions if a party knowingly files a pleading that contains false contentions", and that "[a]lthough pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules." *Id.*, * 4.

The Eleventh Circuit affirmed the district court's dismissal of plaintiff's complaint, finding that:

> [a]fter review of the record and consideration of Plaintiff's brief, we find no abuse of discretion. Plaintiff failed to disclose the lawsuit he filed in Colorado district court, in which he brought claims relating to the conditions of his imprisonment in a Colorado jail and which he filed prior to the Amended Complaint. . . . The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit - that he misunderstood the form - did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction. The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so.

*Id.* The complaint form question at issue in the *Redmon* case was virtually identical to the complaint form question at issue herein, and asked:

5

> Have you initiated other lawsuits in state [or federal] court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?

> *Id.* at * 1, * 2.

To support his Motion to Dismiss, Defendant Butler has provided the Court with case citations and Court Orders for the lawsuits that were filed by Plaintiff while he was incarcerated, but prior to the filing of this action. Plaintiff filed *Sharpe v. Helms, et al.*, 7:10-CV-55 (M.D. Ga.) on June 30, 2010, alleging that his daughter was taken from McNeely's home because of Plaintiff's child molestation charges. (*See* Doc. 13-2). Plaintiff alleged that he was wrongly accused and filed suit for money damages because he was falsely imprisoned. On August 10, 2010, Plaintiff filed *Sharpe v. Helms, et. al.*, 7:10-CV-77 (M.D. Ga.), alleging that several of his rights were violated in regard to his June 11, 2010 arrest on child molestation charges. (*See* Doc. 13-3). Plaintiff filed *Sharpe v. Heath, et. al.*, 7:10-CV-82 (M.D. Ga.) on August 23, 2010, alleging that he had filed several grievances without receiving any responses, was denied access to a legal library, was not allowed to make copies of his legal documents, and had confidential information exposed to inmates by a prison employee. (*See* Doc. 13-4).

In his Response to Defendant's Motion to Dismiss, Plaintiff asserts that he was truthful with the courts in all his previous lawsuits. (Doc. 17). As Defendant Butler correctly states, the issue is not whether Plaintiff was truthful in the pleadings of each previous lawsuit, but whether he is truthful regarding the pending lawsuit. Plaintiff also contends that the above-stated lawsuits have no connection with the current case. (*Id.*). However, in Civil Action 7:10-CV-55, Plaintiff alleges that his daughter was taken from McNeely's home and placed in state custody. In the current action, Plaintiff alleges that DFACS took his daughters from McNeely's home and placed the daughters in the custody of the state. Thus, Plaintiff filed at least one (1) prior lawsuit

dealing with the same facts involved in this lawsuit.

Furthermore, Plaintiff failed to disclose the prior lawsuits that related to the conditions of his imprisonment. In Civil Action 7:10-CV-82, Plaintiff filed suit alleging that, while incarcerated, prison employees denied Plaintiff several of his constitutional rights. Additionally, in Civil Action 7:10-CV-55, Plaintiff alleged that his current incarceration amounted to false imprisonment. It is undisputed that both lawsuits directly relate to the conditions of Plaintiff's imprisonment, yet Plaintiff answered "no" to the question asking if he had filed previous actions dealing with the same facts or related to his imprisonment.

The Eleventh Circuit ruled in *Redmon* that this substantively identical question as posed, "clearly asked Plaintiff to disclose previously filed lawsuits . . . otherwise relating to his imprisonment". *Id.* at * 4. More importantly, "the form makes no reference to [disclosing only the] cases that the prisoner plaintiff deems worthy of disclosing or presumes relevant." *Wallace v. Strength*, 2008 WL 2097146 (S.D. Ga.). Thus, Plaintiff's arguments regarding his failure to disclose information about his previous lawsuits on the grounds of relevancy are unpersuasive to the Court. *See Smith v. Roberts*, 2010 WL 339816 (M.D. Ga.) (Lawson, J.) (finding the plaintiff's explanation that he failed to disclose two previous lawsuits because he was under stress at the time of filing unpersuasive and dismissing the suit without prejudice).

Based on the Plaintiff's misrepresentation regarding prior lawsuits in his Complaint form, and Plaintiff's failure to disclose any of his prior lawsuits, it is the finding of the undersigned that Plaintiff has abused the judicial process. An appropriate sanction for abuse of judicial process is dismissal of the action. *See Rivera*, 144 F.3d at 731. Accordingly, it is the recommendation of the undersigned that the Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 23rd day of May, 2011.

        s/ ***THOMAS Q. LANGSTAFF***

        UNITED STATES MAGISTRATE JUDGE

llf